## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN SIMMONS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-CV-396-TCK-PJC |
| | ) |
| JOE M. ALLBAUGH, Interim Director,[1] | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss the petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner, a state inmate appearing pro se, did not file a response to the motion to dismiss. For the reasons discussed below, the motion to dismiss shall be granted. The petition for writ of habeas corpus (Dkt. # 1) shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2009-1500. See Dkt. # 1. The record reflects that on May 4, 2009, the state district judge found Petitioner guilty after accepting his pleas of guilty to three (3) counts of Assault and Battery with a Dangerous Weapon (Counts 1-3), Trafficking in Illegal Drugs (Count 4), and Domestic Assault and Battery (Count 5). See Dkt. # 8-1 at 5. In addition, Petitioner entered pleas of nolo contendere to Threatening an Act of Violence (Count 6), and Resisting an Officer (Count 7). Id. Petitioner was

---

[1] Petitioner is currently housed at Davis Correctional Facility, a private prison located in Holdenville, Oklahoma. The state officer having custody of Petitioner is Joe M. Allbaugh, Interim Director of the Oklahoma Department of Corrections. Therefore, pursuant to Rule 2(a), Rules Governing Section 2254 Cases, the proper party respondent is Joe M. Allbaugh, Interim Director. Under Fed. R. Civ. P. 25, Joe M. Allbaugh is hereby substituted as party respondent in place of Robert Patton, Director. The Clerk of Court shall note the substitution on the record.

sentenced that day to ten (10) years imprisonment on each of Counts 1-3, thirty-five (35) years imprisonment on Count 4, one (1) year in the county jail on Count 5, six (6) months in the county jail on Count 6, and one (1) year in the county jail on Count 7, with the sentences to be served concurrently. Id. Petitioner did not file a motion to withdraw his pleas, id. at 12, and did not otherwise perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals ("OCCA").

On August 8, 2014, Petitioner filed an application for post-conviction relief. Id. By order filed January 27, 2015, the state district court denied the application. Id. Petitioner attempted to appeal to the OCCA. However, by order filed March 19, 2015, in Case No. PC-2015-171, the OCCA declined jurisdiction and dismissed the post-conviction appeal. See Dkt. # 8-2 at 2.

On July 16, 2015, Petitioner filed his petition for writ of habeas corpus (Dkt. # 1). Petitioner raises three (3) claims: (1) his guilty plea was not knowingly or intelligently made because he was not informed of the applicability of the 85% Rule, (2) Petitioner's three (3) convictions and sentences for Assault and Battery with a Dangerous Weapon constitute multiple punishments for a single criminal act in violation of state and federal double jeopardy provisions, and (3) he received ineffective assistance of counsel. See id. In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 7, 8.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

2

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Because Petitioner failed to file a motion to withdraw his pleas in Case No. CF-2009-1500, his conviction became final on May 14, 2009, ten (10) days after pronouncement of his Judgment and Sentence. See Rule 4.2(A), Rules of the Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). When he failed to file a motion to withdraw his guilty pleas by May 14, 2009, his one-year federal limitations period began to run the next day, May 15, 2009. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ

3

of habeas corpus filed after Monday, May 17, 2010,[2] would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner filed his petition on July 16, 2015, more than five (5) years beyond the deadline. Unless Petitioner is entitled to statutory or equitable tolling, his petition appears to be untimely.

The running of the limitations period is tolled or suspended during the pendency of any state post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner did not file his application for post-conviction relief in state court until August 8, 2014 – more than four (4) years after the May 17, 2010 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, Petitioner's post-conviction proceeding did not serve to toll the limitations period.

Petitioner did not file a response to the motion to dismiss. However, in his petition, he claims that he "was not aware of the fact that his conviction is unconstitutional, and voidable until he was able to get information from a law library." (Dkt. # 1 at 12). He further claims that his facility's law library opened "[a]pprox. 1 yr ago." Id. To the extent Petitioner argues that his petition was timely filed under 28 U.S.C. § 2244(d)(1)(D) (providing that the one year limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"), the Court rejects the argument. The

---

[2]May 15, 2010, fell on a Saturday. Therefore, Petitioner's deadline for filing a federal petition for writ of habeas corpus was Monday, May 17, 2010. See Fed. R. Civ. P. 6(a)(1)(C).

4

factual predicate of Petitioner's claims, as listed above, could have been discovered through the exercise of due diligence when he entered his guilty pleas on May 4, 2009. While it is possible that Petitioner did not understand the legal significance of all the facts, the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he understand the legal significance of those facts. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he trigger in § 2244(d)(1)(D) is . . . discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"); see also Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Because Petitioner could have discovered the factual predicate of his claims through the exercise of due diligence when he entered his guilty pleas and was sentenced in open court, the limitations period began running when his convictions became final, not when he claims to have learned of the legal significance of the facts many years later.

Furthermore, records provided by Respondent, including the "New Arrival/Adjustment Review/Earned Credit Level" form (Dkt. # 8-3) and the Affidavit of Tara Morgan (Dkt. # 8-6), demonstrate that, even under § 2244(d)(1)(D), Petitioner's claim that he "was not aware of the fact that his conviction is unconstitutional, and voidable until he was able to get information from a law library," does not serve to overcome the one-year limitations bar. Significantly, Petitioner's sentences are not being administered pursuant to Oklahoma's "85% Rule," see Dkt. ## 8-3, 8-6 at ¶ 8, and Petitioner should have been aware of that fact no later than September 22, 2009, when he met with his Case Manager and signed the "New Arrival/Adjustment Review/Earned Credit Level" form (Dkt. # 8-3). As a result, not only is Petitioner's claim baseless, but any claim concerning the applicability of the "85% Rule" had to be filed before September 23, 2010, to be timely. The "85% Rule" claim raised in this petition, filed July 16, 2015, is time-barred.

5

Petitioner's claim premised on his inability to access a law library until "approx. 1 yr. ago" also fails. In her Affidavit, Ms. Morgan states that she is an employee of Corrections Corporation of America, Inc., the owner and operator of Davis Correctional Facility (DCF), where Petitioner has been incarcerated since September 16, 2009. See Dkt. # 8-6 at ¶¶ 2, 3. Ms. Morgan avers that the DCF law library became available in "approximately May of 2013," see id. at ¶ 4, or more than one (1) year before Petitioner filed his application for post-conviction relief on August 8, 2014. In addition, prior to the opening of the law library, inmates at DCF were provided the opportunity to meet with an attorney "on a weekly or as needed basis." Id. Records maintained by DCF show that, prior to September 11, 2015, the date of Ms. Morgan's Affidavit, Petitioner had used his scheduled library time only twice, on April 3, 2015, and May 15, 2015, or approximately two (2) years after the law library became available. Id. at ¶ 5. Therefore, the Court rejects Petitioner's argument that his habeas claims are timely under 28 U.S.C. § 2244(d)(1)(D) due to his inability to acquire information from a law library.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645, 649 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances

and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and citation omitted).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. To the extent Petitioner claims entitlement to equitable tolling due to restrictions on his ability to access a law library, his claim is denied. It is well-established that restrictions on a petitioner's access to legal materials fail to justify equitable tolling. See Jamison v. Jones, 197 F. App'x 743, 746 (10th Cir. 2006) (unpublished)[3] (unfamiliarity with law due to illiteracy and lack of access to prison law library did not equitably toll limitations period); Barkus v. Kaiser, No. 99-5187, 2000 WL 121501, at *1 (10th Cir. Feb. 1, 2000) (unpublished) (upholding district court's refusal to equitably toll limitations period due to petitioner's lack of legal training); Williams v. Boone, No. 98-6357, 1999 WL 34856, at *3 (10th Cir. Jan. 28, 1999) (unpublished) (Petitioner's "pro se status, unfamiliarity with the law, and reliance on incompetent jail house lawyers is insufficient cause to excuse his default." (internal quotation marks omitted)). Because Petitioner did not diligently pursue his federal habeas corpus claims, he is not entitled to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[E]quitable [tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

---

[3]This and other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

In summary, Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Joe M. Allbaugh, Interim Director, as party respondent in place of Robert Patton, Director.

2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered in this case.

**DATED** this 26th day of May, 2016.

*[signature]*

**TERENCE KERN**
**United States District Judge**